ORIGINAL

Anna Y. Park, CA SBN 164242
Cherry-Marie D. Rojas, CA SBN 141482
Peter F. Laura, CA SBN 116426
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1076
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

## DISTRICT OF

CV-S-05-1204-PMP-PAL

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> TIMBERS HOSPTIALITY GROUP, INC. d/b/a TIMBERS II; J & F ENTERPRISES, INC. d/b/a TIMBERS II; AND ADVANSTAFF, INC. <br><br> Defendants. | COMPLAINT—TITLE VII <br> **Sexual Harassment** <br> **Retaliation** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION AND JURISDICTION

1.      This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Casey Wheeler, who was adversely affected by such practices. As set forth more fully in this Complaint, Plaintiff U.S. Equal Employment Opportunity Commission alleges that Casey Wheeler was subjected to a hostile work environment on the basis of his sex, male, and that Mr. Wheeler was retaliated against for

-1-

1  complaining of the hostile work environment, by Defendants Timbers Hospitality Group, Inc.
2  d/b/a Timbers II; J & F Enterprises, Inc. d/b/a Timbers II; and AdvanStaff, Inc. Jurisdiction of
3  this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is
4  authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights
5  Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the
6  Civil Rights Act of 1991, 42 U.S.C. § 1981a.

## VENUE

2.  The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3.  Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Timbers Hospitality Group, Inc. d/b/a Timbers II (collectively, the "Employers"), has continuously been a corporation doing business in the State of Nevada and the City of Las Vegas, and has continuously had at least 15 employees. At all relevant times, Defendant, J & F Enterprises, Inc. d/b/a Timbers II (collectively, the "Employers"), has continuously been a corporation doing business in the State of Nevada and the City of Las Vegas, and has continuously had at least 15 employees. At all relevant times, Defendant, AdvanStaff, Inc. (collectively, the "Employers"), has continuously been a corporation doing business in the State of Nevada and the City of Las Vegas, and has continuously had at least 15 employees.

5.  It is further alleged on information and belief that the named Defendant Employers in the complaint are alter egos, joint employers, and/or integrated enterprises of each other.

///

6. All of the acts and failures to act alleged herein were duly performed by and attributable to "Defendant Employers," each acting as a successor, agent, employee or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each "Defendant Employer" participated in, approved and/or ratified the unlawful acts and omissions by other "Defendant Employers" complained of herein. Whenever and wherever reference to any act in this Complaint to any act by a defendant employer or "Defendant Employers," such allegations and reference shall also be deemed to mean the acts and failures to act of each "Defendant Employer: acting individually, jointly and/or severally.

7. At all relevant times, Defendant Employers have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Casey Wheeler filed a charge with the Commission alleging violations of Title VII by Defendant Employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. From at least August 2002 through at least October 2002, Defendant Employers engaged in unlawful employment practices at their Las Vegas, Nevada, location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Casey Wheeler to a hostile working environment on the basis of sex. Mr. Wheeler was subjected to unwelcome severe and/or pervasive harassment by a male supervisor that included, but was not limited to, frequent and repeated physical touching, requests for sex, and gestures and commentary of a sexual nature that persisted despite numerous complaints of the behavior made to Defendant Employers. Defendant Employers further failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

10. Beginning on or about September 7, 2002, and continuing thereafter, Defendant Employers engaged in unlawful employment practices at their Las Vegas, Nevada, location, in

1  violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3 by retaliating against Casey Wheeler
2  for opposing the harassment described in paragraph 9 above. Specifically, Defendant Employers
3  took an adverse employment action against Mr. Wheeler when they wrote up Wheeler on two
4  occasions and terminated him on November 25, 2002, because he engaged in the protected
5  activity of complaining to Defendant Employer of the hostile environment.

6  11.   The effect of the practices complained of in paragraphs 9-10 above has been to
7  deprive Casey Wheeler of equal employment opportunities and otherwise adversely affect his
8  status as an employee, because of his sex, male.

9  12.   The unlawful employment practices complained of in paragraphs 9-10 above were
10 and are intentional.

11 13.   The unlawful employment practices complained of in paragraphs 9-10 above were
12 and are done with malice or with reckless indifference to the federally protected rights of Casey
13 Wheeler.

## PRAYER FOR RELIEF

15  Wherefore, the Commission respectfully requests that this Court:

16  A.   Grant a permanent injunction enjoining Defendant Employers, their officers,
17 successors, assigns, and all persons in active concert or participation with them, from engaging
18 in sexual harassment, retaliation and any other employment practice which discriminates on the
19 basis of sex.

20  B.   Order Defendant Employers to institute and carry out policies, practices, and
21 programs which provide equal employment opportunities, and which eradicate the effects of
22 their past and present unlawful employment practices.

23  C.   Order Defendant Employers to make whole Casey Wheeler, by providing
24 appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other
25 affirmative relief necessary to eradicate the effects of their unlawful employment practices,
26 including but not limited to reinstatement of Mr. Wheeler and restoration of benefits and
27 seniority.

28

1     D.    Order Defendant Employers to make whole Casey Wheeler, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9-10 above, in amounts to be determined at trial.

    E.    Order Defendant Employers to make whole Casey Wheeler by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9-10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Employers to pay Casey Wheeler punitive damages for its malicious and reckless conduct described in paragraphs 9-10 and 13 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Dated: 1/28/05

Anna Y. Park
Regional Attorney

-5-